IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:02-CR-62 |
| | ) | |
| RICHARD CURTIS | ) | |

**<u>MEMORANDUM AND ORDER</u>**

      This criminal case came before the court for a hearing on January 13, 2009, on the petition of the United States Probation Office to modify the defendant's conditions of supervised release [doc. 43]. The defendant's supervising probation officer seeks to have the defendant undergo a psychosexual evaluation to "identify his victim pool, his sexual deviant conduct, or his risk to re-offend," primarily because he has a community service component as a condition of release. The defendant opposes any such modification as being unrelated to his offense of conviction and a significant and unnecessary intrusion.

      In 1996 the defendant pled guilty in state court to assault and attempted sexual battery (misdemeanors) and his sentence was suspended. In 1998 the defendant pled guilty to statutory rape (the defendant was 28 years old and the victim was 15 years old), and he was sentenced to two years in prison with all but 45 days suspended.

In May 2003, the defendant was sentenced by the late Honorable Thomas G. Hull to 84 months in prison and three years of supervised release. His offenses of conviction were for distribution and possession of cocaine and cocaine base. At the time of sentencing in 2003, no psychosexual conditions were attached to the defendant's conditions of release. He was released to supervision on November 7, 2008.

The evidence produced at the hearing showed that the defendant completed the "Sex Offender Treatment Outpatient Program" in 1991, albeit with some problems as evidenced by the memoranda in his file indicating his recalcitrance. The defendant has registered as a sex offender with the State of Tennessee (*see* Tenn. Code Ann. §§ 40-39-201-215), and he has been in regular contact with the investigator assigned to the Blount County, Tennessee, Sheriff's Office Sex Offender Registry. He is living with his aunt in Maryville. She is very aware of the requirements placed on the defendant as a registered sex offender, and she testified at the hearing that she is helping him stay in compliance. Other than an incident involving a family member's basketball game at a recreation center, the probation officer agrees that the defendant appears to be in full compliance with the restrictions placed on him.

The Federal Rules of Criminal Procedure provide that a defendant is entitled to an attorney and a hearing before his conditions of release are modified, and the court's disposition of the case is governed by 18 U.S.C. §

2

3583. Fed. R. Crim. P. 32.1(c) and (d). The court must "determine whether the 'condition of supervised release is reasonably related to the dual goals of [release], the rehabilitation of the defendant and the protection of the public.'" *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007).

In *United States v. Carter*, 463 F.3d 526 (6th Cir. 2006), the Sixth Circuit considered whether the conditions of a defendant's supervised release may be modified to include sex offender treatment and testing when the offense of conviction is not a sex offense. The court stated:

> A sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements. First, the condition must be "reasonably related to" several sentencing factors. 18 U.S.C. § 3583(d)(1). These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct; ... to protect the public from further crimes of the defendant; and ... to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). Second, the condition must "involve[ ] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. 18 U.S.C. § 3583(d)(2). These purposes are "to afford adequate deterrence to criminal conduct; ... to protect the public from further crimes of the defendant; and ... to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)-(D). Third, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3). Because they are written in the

3

> conjunctive, a condition must satisfy all three
> requirements. *See* 18 U.S.C. § 3583(d)(1)-(3). However,
> a condition need not satisfy every single factor and
> purpose within each of the first two requirements.

*Id.* at 529 (case law citations omitted).

The defendant argues that the modifications sought by the Probation Office are not "reasonably related" to the "nature and circumstances of the offense." This court agrees. The defendant's offenses of conviction were for possession and distribution of controlled substances. These offenses have nothing to do with sex, nor are they defined as "sex offenses" under the sentencing guidelines definition. *See* USSG § 5d1.2, comment. n.1.

The next inquiry is whether the conditions are reasonably related to the defendant's history and characteristics; that is, whether the condition is related to the defendant's criminal history. In this case, the defendant has two prior sex-related convictions. These convictions are fairly remote, but perhaps not so remote as to discount them.

These convictions, however, are the only basis upon which the probation officer and the government seek the modification of the defendant's conditions of supervised release. There is no evidence that the defendant has a propensity to commit future sex offenses, or that he has repeated his behavior since 1998. Thus, it appears that the goals of deterrence and public safety would

4

not be served. Further, the defendant has completed sex offender treatment, and he is registered with the Tennessee sex offender registry.

The court finds, under the circumstances of this case, that the conditions proposed by the probation officer have no reasonable relationship to deterrence, public protection or rehabilitation. The defendant is subject to numerous restrictions placed on him by the State of Tennessee,[1] and there simply is no showing that these restrictions would not be sufficient to address any future concerns about the defendant's behavior. The government argued at the hearing that the testing was necessary to determine where the defendant could be assigned to complete his community service obligation. The restrictions placed on him by the State of Tennessee as a sex offender should guide any such assignments.

This does not mean, of course, that if the defendant becomes noncompliant with these restrictions, the court would not reconsider its decision. But for right now, the court finds that the conditions sought by the probation officer are a "greater deprivation of liberty than is reasonably necessary." *See* 18 U.S.C. 3553(d)(2).

---

[1] For example, the defendant must register annually; must keep his jurisdiction informed as to any change of name, residence, employment and student status; cannot live or work within 1000 feet of a school, day care center, public park, playground, recreation center, or athletic field; cannot be upon the premises of any of these places unless he is a student or the parent of a child who is there for legitimate purposes; must obtain and possess at all times a driver's license or other identification that identifies him as a sex offender; and cannot work at any job where he would have contact with children. *See* Def. exh. 1 to hearing.

It is hereby **ORDERED** that the defendant's conditions of supervised release will not be modified as set out in the probation officer's petition.

ENTER:

    *s/ Leon Jordan*
United States District Judge